OPINION OF THE COURT
Stanley L. Sklar, J.
The principal legal issue presented on this motion for summary judgment is whether this action for personal injuries sustained by a seaman may be maintained, even though allegedly time barred under the maritime doctrine of laches, because a prior action had been instituted by the plaintiff upon the same claims. This action may be so maintained.
In sum, the defendants move for summary judgment upon the grounds that defendants are improper parties *734 with no interest in this action and that the action is time barred by the Statute of Limitations prescribed in the Jones Act (US Code, tit 46, § 688) and by laches.
Gary Lang sues for personal injuries he allegedly sustained while a member of the crew of the S. S. Cove Communicator in February, 1976. The complaint alleges a cause of action grounded on negligence under the Jones Act (US Code, tit 46, § 688) and unseaworthiness and negligence causes of action under general maritime law.
EMPLOYER
The defendants claim that the S. S. Cove Communicator was operated by defendant Mount Shipping, Inc., as agents for Cove Communicator Associates, the owner of the vessel, and that neither of the defendants ever owned the vessel in issue nor been the employer of that vessel’s crew.
It is well settled that there can be no Jones Act recovery against anyone except the “employer” (US Code, tit 46, § 688; Cosmopolitan Co. v McAllister, 337 US 783; Moncada v Lemuria Shipping Corp., 491 F2d 470, cert den sub nom. Ekberg Shipping Corp. v Moncada, 417 US 947; Fitzgerald v Westland Mar. Corp., 369 F2d 499), which ordinarily is the shipowner. (Fitzgerald v Burbank & Co., 451 F2d 670). Similarly, there can be no general maritime law unseaworthiness recovery against anyone except the ship’s owner (Seas Shipping Co. v Sieracki, 328 US 85; Matter of Marine Sulphur Queen, 460 F2d 89, cert den 409 US 982) or recovery for negligence against anyone except the owner of a ship. (Kermarec v Compagnie Gen. Transatlantique, 358 US 625.)
Since the defendants deny ownership, they argue that plaintiff has no valid action based upon Jones Act negligence or general maritime unseaworthiness or negligence and that summary judgment should be granted. However, plaintiff has submitted a copy of his Department of Transportation, United States Coast Guard certificate of discharge, dated March 7, 1976, signed by the master of the S. S. Cove Communicator. The certificate lists defendant Mount Shipping, Inc., as plaintiff’s employer. In addition, defendant Mount Shipping, Inc., sent Lang’s attorney at least one check for Lang’s maintenance. An issue of fact is *735 therefore raised as to whether Mount Shipping, Inc., was plaintiff’s employer, and the motion must be denied as to that defendant. Plaintiff, however, makes no showing or statement whatever as to Cove Shipping, Inc., purportedly being plaintiff’s employer, so that the motion must be granted as to that defendant.
LACHES
The defendants claim that this action is time barred since the plaintiff was injured in February, 1976, and this action was not instituted until August 13, 1981, over five years later.
The defendants correctly argue that, to the extent this action is grounded on the Jones Act (US Code, tit 46, § 688) it is barred by the three-year Statute of Limitations contained in the Federal Employers’ Liability Act (US Code, tit 45, § 56).
Claims based on unseaworthiness or negligence under general maritime law which have arisen since October, 1980 are governed by the Uniform Statute of Limitations for Maritime Torts (US Code, tit 46, § 763a), which provides that an action will be barred unless instituted within three years from the date the claim arose.
However, claims which accrued before the effective date of that statute are not subject to any specific limitation period. Rather, the timeliness of actions based on such earlier unseaworthiness or negligence claims are governed by the doctrine of laches.
The issue of laches is approached against the background of the principle stated in Morague v States Mar. Lines (398 US 375, 387), that “ ‘certainly it better becomes the humane and liberal character of proceedings in admiralty to give than to withhold the remedy, when not required to withhold it by established and inflexible rules.’ ”
In order to invoke the doctrine of laches, the defendant must show that the plaintiff inexcusably delayed the institution of the action and also that prejudice resulted to the defendant from that delay.
The defendants rely heavily upon the decision of the Second Circuit in Oroz v American President Lines (259 *736 F2d 636, cert den 359 US 908), in which the court held (at p 639) that: “Although laches is the proper measure of limitation, it has long been settled doctrine that, in deciding whether maritime claims are barred by laches, courts of admiralty will use local limitation statutes as a rule-of-thumb as to the presence or absence of prejudice and inexcusable delay. If the statute has run, prejudice by reason of inexcusable delay is presumed in the absence of a showing to the contrary; if it has not run, the converse is inferred.” Since New York, as noted above, has a three-year Statute of Limitations, for negligence claims, defendants argue that prejudice must be presumed.
A more recent decision of the Second Circuit, in Hill v Bruns & Co. (498 F2d 565), holds to the contrary of Oroz. In Hill, the Second Circuit held (p 568) that “[n]o presumption attaches from the expiration of the applicable period of limitations.” This court believes that the Hill rule is sounder and will follow it. The Hill decision requires, as seems appropriate, a case-by-case analysis of the particular circumstances presented to determine whether the delay was inexcusable and whether the defendant has suffered any prejudice as a result of the delay. The Oroz rule involves a more mechanical application of local limitation statutes with a concomitant tendency toward rigidity — even though the presumption it raises is evidently rebuttable.
The defendants have not made any showing whatever of actual prejudice in this case. Nor can they. Plaintiff had instituted a similar action in the United States Southern District Court in September, 1978, a date about two and one-half years after the injury was sustained. The parties had some informal exchange of discovery in that action. The formal proceedings were more leisurely. When plaintiff’s counsel was advised in July, 1981, that the action would be dismissed because of a lack of activity, he promptly filed a voluntary dismissal without prejudice. This action was started two months later, in September, 1981.
CPLR 205 (subd [a]) declares that if one “action is timely commenced and is terminated in any other manner than by a voluntary discontinuance * * * the plaintiff * * * may commence a new action upon the same transaction * * * *737 within six months after the termination”. That statute does not save this action since the Federal action was voluntarily discontinued.
Nonetheless, the timely institution of the Federal action does save this case as against a claim of a limitations bar. The Federal action placed these defendants on notice of the plaintiff’s claim. It afforded them some informal discovery. In terms of notice and any possible prejudice, this action is effectively a continuation of the timely instituted Federal action, with only a two-month pause. Under these circumstances, the plaintiff does not have to make a new demonstration of a lack of laches concerning the institution of this second action. On the contrary, the defendants, who are seeking to dismiss this action on the ground of laches have at least the burden of coming forward with evidence to make some showing of actual prejudice. They have not attempted to meet that burden. Even any presumption of prejudice that might arise if this court were to follow the Oroz rule is overwhelmingly refuted by the notice that was given to the defendants by the institution of the Federal action.
Since laches have not been, and cannot be, demonstrated, the motion for summary judgment is denied.